IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**REGINALD E. JONES,**

        **Plaintiff,**

      **v.**                              **CASE NO. 10-3009-SAC**

**CORRECTIONS CORPORATION
OF AMERICA, et al.,**

        **Defendants.**

### O R D E R

This civil rights complaint, 42 U.S.C. § 1983, was filed by an inmate of the Leavenworth Detention Center, Leavenworth, Kansas (LDC), which is privately owned and operated by the Corrections Corporation of America (CCA). Plaintiff has also filed a Request to Proceed in forma pauperis. These pleadings were originally filed in the Western District of Missouri, and the case was transferred to this court after leave to proceed in forma pauperis was provisionally granted. Having examined the materials filed, the court finds as follows.

**MOTION TO PROCEED WITHOUT FEES**

At the outset, the court notes that Mr. Jones may not have provided the documentation required by statute to support his motion to proceed without prepayment of fees. 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner

is or was confined." 28 U.S.C. § 1915(a)(2). The document attached to plaintiff's motion contains entries for the month of December, 2009 only. Plaintiff apparently arrived at the LDC on December 2, 2009, and if he was not previously confined elsewhere, this may be the only available financial data. However, if he was confined in another jail or prison during the six months preceding the filing of this action, it was his responsibility to obtain and provide copies of his inmate account statements from those other institutions. The court will grant plaintiff's motion to proceed without prepayment of fees and will not assess an initial partial filing fee based upon the financial information currently before it[1]. However, this order is subject to change if additional, differing information regarding relevant inmate account transactions for plaintiff comes to light.

**FACTUAL BACKGROUND AND CLAIMS**

Plaintiff sues the "Corrections Corporation of America" and "Canteen Services Inc." for money damages. As the factual basis for his claim, Mr. Jones alleges as follows. On December 14, 2009, he saw "medical Staff" and asked "if they would fix (his) food diet because (he) was a vegetarian" and allergic to onions; and that "medical" sent an e-mail to kitchen staff regarding his diet. The next day he received a special food tray marked with his name,

---

[1] Pursuant to 28 U.S.C. §1915(b)(1), plaintiff remains obligated to pay the full $350.00 district court filing fee in this civil action. Being granted leave to proceed in forma pauperis entitles him to pay the filing fee over time through payments from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2). Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

2

number, and "C VEG NO ONIONS." He began eating but tasted onions, so he stopped and found onions in his food. He showed the tray to Correctional Officer (CO) Gray, who helped him out of the unit and called a medical emergency when the allergic reaction began. During the reaction Mr. Jones began feeling sick and "started to have a seizure." He was taken to medical, told he "had suffered from a seizure due to the allergic reaction", given a shot, and within 15 to 25 minutes was sent back to his housing unit. He complains that he was not "observed to make sure there would be no complication." In his cell, he started "having complications" of a sore throat and not being able to breathe, talk, or swallow. A cell-mate called for help, and "C/Os came within minutes"; however, they told other inmates to look after him and left him lying on the bed having complications, putting his life in danger.

The following day, December 16, plaintiff talked to Mr. Marhuiki, "the food service director for Canteen Services Inc.", whom he alleges told him "it was there (sic) fault and it would never happen again." On December 18, 2009, plaintiff was served another special food tray with the proper sticker, that contained onions. This time he saw the onions before he began eating, and thus suffered no allergic reaction. He is now afraid to eat food off the trays due to "food services" recklessness and malice. He seeks actual and punitive damages.

**SCREENING**

Because Mr. Jones is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any

3

portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**FAILURE TO STATE A CAUSE OF ACTION**

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48-49 (1988)(citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978)); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992). Plaintiff names the CCA and Canteen Services, Inc., as the only defendants. Neither of these corporate entities is a "person" acting under color of state law so as to be amenable to suit under Section 1983.

Nor does plaintiff have an established cause of action against the CCA or Canteen Services under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971). Bivens held that "plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. §1983." Id.; Carlson v. Green, 446 U.S. 14, 18 (1980)(recognizing a parallel cause of action for Eighth Amendment violations). However, the proper defendant in

4

a Bivens action is a federal official or agent, not a private corporation. See Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001); Peoples v. CCA Detention Centers, 422 F.3d 1090, 1101 (10th Cir. 2005)(There is no right of action for damages under Bivens against employees of a private prison for alleged constitutional deprivations, when alternative state causes of action for damages are available to the plaintiff.). Kansas law, on the other hand, provides a remedy in state court against private tortfeasors for actions amounting to negligence. See Peoples, 422 F.3d at 1105. Plaintiff will be given time to show cause why this action should not be dismissed for failure to present a cause of action in federal court under either § 1983 or § 1331 and Bivens.

**FAILURE TO STATE FEDERAL CONSTITUTIONAL CLAIM**

The court also finds that the facts alleged by plaintiff, taken as true, fail to state a claim of a federal constitutional violation. A pro se complaint must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972); See Jackson v. Integra Inc., 952 F.2d 1260, 1261 (10th Cir. 1991). However, the court cannot assume the role of advocate for the pro se litigant, and "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. State of N.M., 113 F.3d 1170, 1173-74 (10th Cir. 1997); see Kempf v. City of Colorado Springs, 91 Fed.Appx. 106, 107 (10th Cir. 2004).

Plaintiff does not specify which of his federal constitutional rights was violated. He is most likely attempting to state a claim of cruel and unusual punishment under the Eighth Amendment. The

5

United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991); Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005).

To satisfy the objective component, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." Estelle, 429 U.S. at 104, 105; Farmer v. Brennan, 511 U.S. 825, 834 (1994). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." Martinez, 430 F.3d at 1304 (citing Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)(quotation omitted)). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1305 (citing Riddle v. Mondragon, 83 F.3d 1197, 1204 (10th Cir. 1996)(quotation omitted)).

It is well-settled that deliberate indifference requires more than mere negligence. See Farmer, 511 U.S. at 835. Thus, the complaint that a physician, or other medical staff member, was negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Estelle, 429 U.S. at 106 ; Wilson v. Seiter, 501 U.S.

6

294, 297 (1991). Likewise, a mere difference of opinion between the inmate and prison medical personnel regarding what constitutes reasonable treatment does not constitute cruel and unusual punishment. See Estelle, 429 U.S. at 106-07; Handy v. Price, 996 F.2d 1064, 1067 (10th Cir. 1993)(affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); El'Amin v. Pearce, 750 F.2d 829, 833 (10th Cir. 1984)(A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind . . . ." Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

Estelle, 429 U.S. at 105-106 (footnote omitted).

In this case, Mr. Jones has not described acts or omissions by particular medical personnel that were sufficiently harmful, cruel or prolonged so as to support a claim of deliberate indifference to serious medical needs. Instead, his own allegations indicate a medical emergency was immediately called, and he was taken to medical and given a shot. He complains that later in his cell he was unable to breathe, had a sore throat, and could not talk or swallow; however, he was checked on by staff "within minutes" and "was able to talk" to the food service director the next day. Nor has Mr. Jones described acts by certain food service personnel that amount to more than negligence. He describes defendants' conduct as "recklessness". The court finds that plaintiff has thus failed to

7

state facts sufficient to support a claim of cruel and unusual punishment. Plaintiff is given time to allege additional, sufficient facts or show cause why this action should not be dismissed for failure to allege sufficient facts to state a claim in federal court of federal constitutional claim.

**OTHER MOTIONS**

The court has considered plaintiff's Motion for Appointment of Counsel (Doc. 6) and finds it should be denied. There is no constitutional right to appointment of counsel in a civil case. Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989); Carper v. Deland, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir.2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." Steffey, 461 F.3d at 1223 (citing Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Rucks, 57 F.3d at 979; Hill, 393 F.3d at 1115. Having considered

these factors, the court concludes in this case that (1) it is not clear at this juncture that plaintiff has asserted a colorable claim; (2) the issues are not complex; and (3) plaintiff appears capable of adequately presenting facts and arguments.

The court has also considered plaintiff's Motion for Service of Complaint (Doc. 5), and finds it should be denied. The court will order service of the complaint upon defendants at the appropriate time if the complaint survives screening.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Service of Complaint (Doc. 5) is denied, and plaintiff's Motion for Appointment of Counsel (Doc. 6) is denied, without prejudice.

**IT IS FURTHER ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed for failure to state a cause of action against the named defendants under either § 1983 or § 1331 and <u>Bivens</u>, and for failure to state facts sufficient to support a federal constitutional violation.

The clerk is directed to transmit a copy of this Order to the finance officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED**.

Dated this 12 th day of February, 2010, at Topeka, Kansas.

s/Sam A. Crow  
U. S. Senior District Judge